# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>FERNANDO CABRAL TORRES, )<br>)<br>Defendant. )<br>_____ ) | Case No. 16-20031-08-CM |

## MEMORANDUM AND ORDER

This closed criminal case is before the court on defendant Fernando Cabral Torres's motion for return of property (Doc. 265). In this motion, defendant seeks return of a cell phone taken by agents in this case, as well as pretrial discovery documents. Defendant further asks for relief pursuant to the "new rule for first offender guidelines."

First: defendant's request for return of his cell phone. Under Rule 41(g), "[a] person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return." Fed. R. Crim. P. 41(g). If there are factual issues necessary to resolve the motion, the court must conduct an evidentiary hearing. *Id.* The party seeking return of the property must show that "the retention of the property by the government is unreasonable . . . ." *In re Matter of Search of Kitty's E.*, 905 F.2d 1367, 1375 (10th Cir. 1990). After the proceedings are concluded, this burden shifts to the government to show a legitimate reason to retain the property. *United States v. Clymore*, 245 F.3d 1195, 1201 (10th Cir. 2001) (citation omitted). "[T]he government has a legitimate interest in maintaining control of property relevant to the prosecution and sentencing of a defendant until his criminal proceedings are final." *United States v. Nelson*, 190 F. App'x 712, 715 (10th Cir. 2006). But the government must show that the property is relevant to the proceedings. *Id.*

-1-

Given that the case against defendant Torres is closed, it is possible that the cell phone could be eligible for return. The complicating factor is that cases remain pending against many of defendant Torres's co-defendants. The cell phone may be needed for evidence in any of those cases, or in post-conviction proceedings brought by defendant Torres himself or others. Because of the continuing nature of this case, a return of property is not appropriate at this time. *See United States v. Wacker*, 903 F. Supp. 1412, 1414 (D. Kan. 1995) ("[T]he government can keep seized property until all the proceedings are finished."). The court denies this request without prejudice.

Second: defendant's request for pretrial discovery documents. By its terms, Rule 41(g) only applies to property that "was seized" by the federal government. Pretrial discovery that the government provided to defense counsel is not seized property. And to the extent that defendant seeks to compel his former counsel to produce discovery, this court lacks jurisdiction to grant defendant's request. *See United States v. Garcia-Herrera*, 894 F.3d 1219, 1220 (10th Cir. 2018).

Third: defendant's request for post-conviction sentencing relief. The court also lacks jurisdiction over this request. The court, like the government, presumes that defendant is basing his request on Amendment 811 to the United States Sentencing Commission Guidelines Manual. This amendment added Application Note 4 to § 5C1.1, which provides, "If the defendant is a nonviolent first offender and the applicable guideline range is in Zone A or B of the Sentencing Table, the court should consider imposing a sentence other than a sentence of imprisonment, in accordance with subsection (b) or (c)(3)."

Ordinarily, the court may not modify a term of imprisonment. Title 18 U.S.C. § 3582(c) provides exceptions to this rule, but none of them apply here. Significantly, defendant was not "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). Application Note 4 does not lower a

sentencing range. Instead, it suggests that the court "consider imposing a sentence other than imprisonment" for some first offenders. And even if the change <u>did</u> fall under § 3582(c), defendant does not qualify by Application Note 4's terms. The court lacks jurisdiction over defendant's request and dismisses it.

**IT IS THEREFORE ORDERED** that defendant's motion for return of property (Doc. 265) is denied in part and dismissed for lack of jurisdiction in part.

Dated this <u>13th</u> day of May, 2019, at Kansas City, Kansas.

                                                **s/ Carlos Murguia**
                                                **CARLOS MURGUIA**
                                                **United States District Judge**