IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**In re: CCA Recordings 2255 Litigation**,
                **Petitioners,**

v.                                              Case No. 19-cv-2491-JAR

                                                (This Document Relates to Case No. 16-cr-20031-JAR-8, *United States v. Fernando Cabral Torres* and Case No. 19-cv-2298-JAR, *Fernando Cabral Torres v. United States*)

**United States of America.**
                **Respondent.**

**MEMORANDUM AND ORDER**

Petitioner Fernando Cabral Torres filed a Motion to Vacate and Discharge with Prejudice under 28 U.S.C. § 2255 alleging that the government violated the Sixth Amendment by intentionally and unjustifiably becoming privy to recordings of his attorney-client communications (Doc. 346).[1] As a remedy, he asks the Court to vacate his conviction and term of imprisonment with prejudice to refiling or, alternatively, to reduce the term of imprisonment imposed for his admitted offenses. Pursuant to an unconditional plea agreement, Petitioner pleaded guilty to a charge of conspiracy to possess with intent to distribute 50 grams or more of methamphetamine and was sentenced to 60 months' imprisonment. He is one of 39 Petitioners in this consolidated matter who allege pre-plea Sixth Amendment violation claims, and whose

---

[1] Unless otherwise specified, citations prefaced with "Doc." refer to filings and docket entries in the underlying criminal case, No. 16-20031-JAR-8. Citations prefaced with "*CCA Rec. Lit.*, Doc." refer to filings and entries in this consolidated case, No. 19-2491-JAR.

proceedings were stayed pending the outcome of a related appeal in *United States v. Matthew Spaeth*, after the Court dismissed Spaeth's claim as foreclosed by the rule in *Tollett v. Henderson*.² In *Tollett*, the United States Supreme Court rejected a pre-plea constitutional challenge where the defendant failed to show that the violation rendered his guilty plea involuntary and unknowing.³ These Petitioners, including Mr. Torres, declined the opportunity afforded by the Court to amend their § 2255 motions to seek relief under *Tollett* or to allege a post-plea violation, and acknowledged that by doing so, they rendered their pre-plea Sixth Amendment claims vulnerable to dismissal under the Court's previous rulings.⁴

On June 12, 2023, the Tenth Circuit Court of Appeals affirmed this Court's ruling in *Spaeth*.⁵ The Tenth Circuit ruled: (1) the carve-out provision in Spaeth's unconditional standard plea agreement did not constitute a waiver of the government's right to raise, or create an exception to, the rule of law in *Tollett*, and because Spaeth has not met his burden under *Tollett* to vacate his unconditional guilty plea, this Court did not err in ruling that Tollett bars his Sixth Amendment challenge;⁶ (2) Spaeth's reliance on the per se Sixth Amendment violation rule in *Shillinger v. Haworth*⁷ is misplaced because that case did not concern *Tollett*'s guilty-plea

---

² 411 U.S. 258, 266 (1973); *see Spaeth v. United States*, No. 19-2413-JAR-JPO, Docs. 3, 7, 8; *CCA Rec. Lit.*, Docs. 730, 785, 922.

³ *Tollett*, 411 U.S. at 266

⁴ *CCA Rec. Lit.*, Doc. 832; *see Hill v. Lockhart*, 474 U.S. 52, 58–60 (1985) (adopting two-part test for ineffective assistance of counsel claim in the plea context: "the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.").

⁵ *United States v. Spaeth*, 69 F.4th 1190 (10th Cir. 2023).

⁶ *Id.* at 1204–08.

⁷ 70 F.3d 1132, 1142 (10th Cir. 1995) (holding a per se Sixth Amendment violation occurs when the government becomes privy to an attorney-client communication because of its purposeful intrusion that is not justified by any legitimate law enforcement interest).

situation and "has nothing to do with whether a guilty plea is voluntary or knowing";[8] and (3) *Tollett* precludes Spaeth from challenging his sentence based on an alleged pre-plea Sixth Amendment violation.[9] The court concluded:

> We abide by several principles that the Supreme Court made transparent 50 years ago.  When a defendant voluntarily and knowingly pleads guilty, the defendant acknowledges that unconstitutional conduct preceding the guilty plea is irrelevant to the admission of factual guilt.  As a result, we do not assess the merits of pre-plea constitutional claims but instead ask whether ineffective assistance of counsel caused defendants to enter their guilty pleas involuntarily and unknowingly.  *Tollett* and its progeny tell us how to answer that question: challengers must show ineffective assistance of plea counsel.  Because Spaeth does not even contend that his counsel performed deficiently, or that such deficient performance prejudiced him by depriving him of a trial right he would have chosen, we conclude that Spaeth's § 2255 motion must be dismissed.[10]

The Tenth Circuit's ruling in *Spaeth* compels dismissal of Petitioner's § 2255 motion. Petitioner's Sixth Amendment claim arises from two video recordings of attorney-client meetings that took place at CCA on April 5 and May 4, 2016.  The government had possession of and access to these recordings prior to Petitioner's January 31, 2017 guilty plea.[11] Petitioner challenges both his conviction and his sentence based on this alleged Sixth Amendment violation by the government.  Like Mr. Spaeth, Petitioner relies on *Shillinger* and does not attempt to meet the applicable *Tollett* standard for showing that ineffective assistance of counsel caused him to

---

[8] *Id.* at 1211.  The court declined to decide "what effect any per se presumption of a Sixth Amendment violation might have in applying the *Hill* prejudice standard—a reasonable probability that the defendant would not have pleaded guilty absent the deficient performance." *Id.*

[9] *Id.* at 1212–13.

[10] *Id.* at 1213.

[11] The government had possession of and access to hundreds of hours of video recordings obtained from CCA in a separate criminal matter from May 17, 2016 until August 9, 2016, when it disgorged the videos to the Court.  *See CCA Rec. Lit.*, Doc. 784 at 13; *United States v. Carter*, No. 16-20032-JAR, Doc. 758 (D. Kan. Aug. 13, 2019).

3

enter his plea involuntarily and unknowingly.  He is also precluded from challenging his sentence or term of supervised release based on any alleged pre-plea violation.  Accordingly, Petitioner's § 2255 motion is dismissed in its entirety.

Rule 11 of the Rules Governing Section 2255 Proceedings states that the Court must issue or deny a certificate of appealability ["COA"] when it enters a final order adverse to the applicant.  "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right."[12]  If the district court denies a habeas petition on procedural grounds without reaching the merits of petitioner's underlying constitutional claim, "the prisoner must show both (1) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling' and (2) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right.'"[13]  For the reasons explained above, Petitioner has not made a substantial showing on either prong and the Court therefore denies a COA.

**IT IS THEREFORE ORDERED BY THE COURT** that Petitioner Fernando Cabral Torres' Motion to Vacate and Discharge with Prejudice under 28 U.S.C. § 2255 (Doc. 346) is **dismissed**.  Petitioner is also **denied** a COA.

**IT IS SO ORDERED.**

Dated: <u>August 29, 2023</u>

                                                     S/ Julie A. Robinson
                                                  JULIE A. ROBINSON
                                                  UNITED STATES DISTRICT JUDGE

---

[12] 28 U.S.C. § 2253(c)(2).

[13] *United States v. Park*, 727 F. App'x 526, 528 (10th Cir. 2018) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).